**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **SOV APEX LLC,** **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 09cv11851-NG** |
| **GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, LP,** **Defendant.** | ) | |

**GERTNER, D.J.:**

**MEMORANDUM & ORDER RE: DEFENDANT'S MOTION TO DISMISS**
May 6, 2010

The Massachusetts state courts have held both the plaintiff and the defendant in this action liable for accelerated rent under the terms of a commercial lease. The plaintiff, Sov Apex LLC ("Sov Apex"), now seeks indemnification from the defendant, Gateway Funding Diversified Mortgage Services, LP ("Gateway"), under the terms of an asset purchase agreement between the parties. Gateway has moved to dismiss Sov Apex's complaint on the grounds that it is barred by the doctrine of claim preclusion and that it fails to state a claim upon which relief can be granted. (Def.'s Mot. to Dismiss, document #5.) It has also urged the Court to stay or dismiss the case under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and its progeny. Id.

The Court denies Gateway's motion. This is not one of the "exceptional" cases calling for abstention under Colorado River, especially considering the fact that Sov Apex's indemnification claim is not pending before the Massachusetts state courts and thus will not be considered in the concurrent state proceedings. Sov Apex has also sufficiently pleaded claims for declaratory judgment, indemnification, and breach of contract. Gateway's contention that Sov Apex failed to provide it sufficient notice of the claim for which it is now seeking

indemnification relies on evidence beyond the facts alleged in Sov Apex's amended complaint and is thus more appropriately addressed through a motion for summary judgment than a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Finally, the Massachusetts Superior Court's decision to strike a procedurally deficient cross-claim that SIB Mortgage Corporation ("SIB"), Sov Apex's predecessor, asserted against Gateway did not constitute a final judgment on the claim's merits; thus, the doctrine of claim preclusion does not bar Sov Apex from reasserting the claim in this Court. Although Sov Apex may have been required to raise its indemnification claim as a compulsory counterclaim in the Superior Court action under Massachusetts Rule of Civil Procedure 13(a), the Court will postpone any consideration of this issue until the summary-judgment stage since it has not been briefed by the parties and the record currently before the Court is not sufficiently developed to allow it to resolve the issue.

## I. STATEMENT OF FACTS

In or about February 2004, SIB and Gateway entered into an asset purchase agreement ("APA"). (Am. Compl. ¶ 1, document #4.) Under the APA, Gateway acquired a number of SIB's assets and assumed certain liabilities, including SIB's rights and obligations under a lease of commercial office space in Woburn, Massachusetts (the "Woburn Lease"). Id. On May 14, 2007, Gateway notified the Woburn property's landlord, Cummings Properties, LLC ("Cummings"), that it did not intend to extend the Woburn Lease beyond the lease's scheduled expiration in October 2007. Id. ¶ 27. Gateway did not pay rent for the Woburn property in October 2007 or in any month thereafter. Id. ¶ 29-31.

On November 5, 2007, Cummings filed a summary process action against Gateway and SIB in the District Court Department of the Massachusetts Trial Court. Id. ¶ 32. In the action,

Cummings alleged that Gateway and SIB remained liable for rent due under the Woburn Lease because Gateway's notice of its intent not to extend the lease was untimely. Id. ¶¶ 28-32.

On the same day that Cummings filed its suit, Gateway filed a complaint in Massachusetts Superior Court against Cummings and SIB. Id. ¶ 33. It sought a declaratory judgment that it did not breach the Woburn Lease and contribution from SIB should Gateway be found liable to Cummings. Id. ¶¶ 36-37. Cummings and Gateway stipulated to the dismissal of Cummings's claims against Gateway in the state District Court action so that all claims between Cummings and Gateway could be resolved in the Superior Court action. Id. ¶ 34. After Gateway was dismissed from the case, Cummings obtained a judgment of $1,071,845.89 against SIB in the District Court action. Id. ¶ 35.

In the Superior Court action, Cummings counterclaimed against Gateway and cross-claimed against SIB, seeking to recover the amounts allegedly due under the Woburn Lease. Id. ¶¶ 38-39. In January 2009, SIB served Gateway with a motion for leave to assert a counterclaim for indemnification under the APA.[1] (Def.'s Mem. of Law in Support of Mot. to Dismiss, ex. C, document #6-4.) After receiving an opposition from Gateway, SIB withdrew this motion and instead filed a cross-claim against Gateway for indemnification. Id. exs. D-F. Gateway moved to strike SIB's cross-claim on the grounds that, since it was brought by an opposing party, the claim should have been filed as a counterclaim, not a cross-claim. Id. ex. G. In the alternative, Gateway moved to dismiss the complaint under Massachusetts Rule of Civil Procedure 12(b)(6)

[1] Even though Sov Apex did not include the motions and other documents from the Superior Court action with its complaint, the Court can consider them in ruling on Gateway's contention that Sov Apex's action is barred by the doctrine of claim preclusion since Sov Apex has not contested the documents' authenticity or the propriety of the court's consideration of them. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see also Pisnoy v. Ahmed (In re Sonus Networks, Inc., Shareholder Derivative Litig.), 499 F.3d 47, 56 (1st Cir. 2007) (allowing a court to consider the affirmative defense of claim preclusion on a motion to dismiss if the plaintiff does not object and the court discerns no prejudice). In addition, the Court can consider the Superior Court's order granting Gateway's motion to strike, which is discussed below, since it is an official public record. Watterson, 987 F.2d at 3.

for failure to state a claim upon which relief can be granted. Id. On July 15, 2007, the Superior Court allowed Gateway's motion to strike in a one-sentence order that stated, "Following hearing and after review of all submissions the Motion (P#25) to Strike (cross-claim) of defendant SIB is ALLOWED." Id. ex. I.

The Superior Court entered judgment on the pleadings in Cummings's favor against Gateway. (Am. Compl. ¶ 38.) It also granted summary judgment in Cummings's favor against SIB. Id. ¶ 39. At the time Gateway filed its motion to dismiss in this Court, the Superior Court was conducting further proceedings to determine the amount of damages to which Cummings is entitled. (Def.'s Mem. of Law in Support of Mot. to Dismiss 6.)

SIB formally demanded indemnification from Gateway on August 11, 2009. (Am. Compl. ¶ 46.) On August 18, 2009, Gateway's counsel wrote to SIB's counsel stating that Gateway did not assent to SIB's indemnification demand. Id. ¶ 47. Sov Apex—SIB's successor—filed the present suit seeking indemnification from Gateway on October 30, 2009.

## II. DISCUSSION

### A. Sov Apex's Claims Are Not Precluded since There Was No Final Judgment on the Merits of the Indemnification Cross-Claim That SIB Asserted in the Superior Court Action.

Gateway argues that Sov Apex's action is precluded by the Superior Court's allowance of Gateway's motion to strike SIB's indemnification cross-claim. Gateway contends that the Superior Court's decision was a final judgment on the merits of SIB's claim. Thus, it argues that Sov Apex's effort to assert similar claims in this action is barred by the doctrine of claim preclusion.

Although claim preclusion is usually an affirmative defense, a defendant may raise it in a motion to dismiss if the plaintiff does not object to the procedure, and the court discerns no

prejudice. Pisnoy v. Ahmed (In re Sonus Networks, Inc., Shareholder Derivative Litig.), 499 F.3d 47, 56 (1st Cir. 2007). Since the Court concludes that Sov Apex's claims are not precluded by the Superior Court's decision to strike its procedurally defective cross-claim, it sees no reason to postpone a decision on this issue.

To determine whether Sov Apex's claims are precluded, the Court must look to Massachusetts state law. Id. In Massachusetts, "[t]he invocation of claim preclusion requires three elements: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'" Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005) (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)).

Although Massachusetts case law does not provide a clear definition of the phrase "final judgment on the merits," see Pisnoy, 499 F.3d at 57-62, the Court concludes that whatever this phrase may mean, it does not encompass the Superior Court's decision to strike SIB's cross-claim. Cf. Springfield Pres. Trust, Inc. v. Springfield Library & Museums Ass'n, Inc., 852 N.E.2d 83, 91 (Mass. 2006) ("It is settled . . . that no [preclusive] effect can be attributed to a decree dismissing a bill or petition in equity, for want of jurisdiction or any other cause not involving the essential merits of the controversy." (quoting Curley v. Curley, 40 N.E.2d 272, 274 (Mass. 1942)). Gateway moved to strike SIB's cross-claim on the grounds that SIB should have asserted the claim as a counterclaim since it was raised against an opposing party. (Def.'s Memo. of Law in Support of Mot. to Dismiss, ex. G, document #6-8.) Although Gateway also moved, in the alternative, to dismiss SIB's cross-claim for failure to state a claim upon which relief can be granted, it appears that the Superior Court did not reach the issue of whether SIB's cross-claim was subject to dismissal under Massachusetts Rule of Civil Procedure 12(b)(6).

Instead, the Superior Court's brief, one-sentence order granted Gateway's motion to strike without mentioning its alternative request that the cross-claim be dismissed for failure to state a claim upon which relief can be granted. Id. ex. I. Thus, the Court concludes that the Superior Court struck SIB's cross-claim because it was procedurally defective and did not reach the merits of the claim. Since the Superior Court's order striking SIB's cross-claim was not a final judgment on the merits of SIB's claim, the order does not have claim-preclusive effect.

The Court, however, notes that even if Sov Apex is not barred from bringing the instant action by the Superior Court's order striking SIB's cross-claim, its suit might be precluded by its failure to raise its claims against Gateway as counterclaims in the Superior Court action. Massachusetts Rule of Civil Procedure 13(a) provides:

> A pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not either require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction or constitute an action required by law to be brought in a county or judicial district, as the case may be, other than the county or judicial district in which the court is sitting.

A party who fails to raise a counterclaim when required to do so by Rule 13(a) is precluded from asserting the claim in a subsequent action. Nat'l Lumber Co. v. Canton Inst. for Sav., 775 N.E.2d 1241, 1242 (Mass. App. Ct. 2002).

Although the Court knows of no Massachusetts case that has considered whether indemnification claims are compulsory counterclaims, other courts, interpreting the Federal Rules of Civil Procedure, have held that they are not. See, e.g., Hall v. General Motors Corp., 647 F.2d 175, 184 (D.C. Cir. 1980); Chicago Freight Car Leasing Co. v. Martin Marietta Corp.,

66 F.R.D. 400, 404 (N.D. Ill. 1975); Hartford Accident & Indem. Co. v. Levitt & Sons, Inc., 24 F.R.D. 230, 232 (E.D. Pa. 1959); see also Comm'r of Revenue v. Comcast Corp., 901 N.E.2d 1185, 1203 n.25 (Mass. 2009) (noting that Massachusetts courts consider federal decisions when interpreting Massachusetts procedural rules that, like Mass. R. Civ. P. 13(a), are "identical in all material respects to the Federal rule"). These cases, however, emphasize that claims for indemnification are generally contingent on the outcome of other claims and thus may not have "matured" by the time a defendant is required to file its answer. Hall, 647 F.2d at 184. Here, in contrast, it appears that Cummings may have obtained a judgment against SIB in the District Court action before SIB filed its answer in the Superior Court. Thus, SIB's liability to Cummings may have been established by the time SIB answered Gateway's complaint, indicating -- at least arguably -- that SIB's indemnification claim was ripe and should have been asserted as a compulsory counterclaim.

Furthermore, even if the Court ignores the effect of the District Court judgment, at least one court has suggested that indemnification counterclaims are compulsory, not permissive, when a litigant is sued for contribution or indemnity by the party against whom indemnification is sought. Kane v. Magna Mixer Co., 71 F.3d 555, 562 (6th Cir. 1995). Since Gateway's Superior Court complaint sought contribution from SIB, Kane suggests that SIB may have been required to assert its indemnification claim in the Superior Court as a compulsory counterclaim.

The parties, however, have not briefed the issue of whether Massachusetts Rule of Civil Procedure 13(a) bars Sov Apex from bringing the instant action, and the record is not sufficiently developed for the Court to determine the timing, the nature, and the effect of the District Court judgment against SIB. Thus, the Court will postpone a full consideration of this issue until at least the summary-judgment stage of the litigation.

B. Dismissal or a Stay under *Colorado River* Is Not Appropriate in this Case.

Gateway further argues that the Court should dismiss or stay this case in deference to the Superior Court action. Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," the Supreme Court has recognized that federal courts may in exceptional circumstances decline to exercise jurisdiction over a case presenting claims that are concurrently pending in a parallel proceeding in state court. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-21 (1976); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 10 (1st Cir. 2003) (setting forth eight factors for courts to consider in deciding whether to dismiss or stay a case in favor of parallel state court proceedings). This, however, is not such an "exceptional" case. A federal court should not abdicate jurisdiction over a case when there is "substantial doubt" whether the concurrent state court proceedings will resolve the claims raised in the federal action. Smith v. Cent. Ariz. Water Conservation Dist., 418 F.3d 1028, 1032-34 (9th Cir. 2005); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983) ("When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal . . . ."); TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591-93 (7th Cir. 2005). Here, Sov Apex's indemnification claim has been struck from the Massachusetts Superior Court action on Gateway's motion and has not been reasserted. Since it appears that the merits of Sov Apex's claim that it is entitled to indemnification from Gateway will not be addressed by the Superior Court, the Court declines to dismiss or stay this case under Colorado River and its progeny.

C. Plaintiff's Complaint States a Claim upon Which Relief Can Be Granted.

Gateway finally contends that the Court should dismiss Sov Apex's complaint because it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In particular, Gateway contends that Sov Apex's claims must fail because SIB neglected to give Gateway reasonable notice of the claims for which Sov Apex is seeking indemnification, as required by section 9.2 of the APA. (Am. Compl., ex. A.)

In ruling on Gateway's motion to dismiss, the Court must accept as true all well-pleaded facts in Sov Apex's complaint and draw all reasonable inferences in its favor. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). Sov Apex's complaint alleges that Gateway agreed to indemnify its predecessor, SIB, against all liabilities, costs, and expenses arising out of the Woburn Lease. Id. ¶ 43, 45. It further asserts that Gateway has breached this obligation. Id. ¶48. These allegations more than satisfy the minimal pleading burdens established by Federal Rule of Civil Procedure 8(a) and state claims for indemnification and breach of contract.

Gateway's contention that Sov Apex and SIB forfeited their right to indemnification by failing to provide reasonable notice of Cummings's claim depends on factual allegations not reflected in Sov Apex's complaint or the exhibits attached thereto. As a result, Gateway's arguments are more appropriately addressed in a motion for summary judgment under Rule 56 than a motion to dismiss under Rule 12(b)(6). See Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (setting forth the general rule that courts considering a motion under Rule 12(b)(6) should usually limit their focus to facts alleged in the complaint or set forth in documents attached to the complaint or incorporated by reference). The Court will

thus deny Gateway's motion to dismiss without prejudice to its right to seek summary judgment based on Sov Apex's alleged failure to comply with the APA's notice provisions.

## III. CONCLUSION

Sov Apex has stated claims upon which relief can be granted, and the Superior Court's order striking SIB's cross-claim does not bar Sov Apex from maintaining the instant suit. Furthermore, since the Massachusetts Superior Court action will not resolve the question of whether Gateway must indemnify Sov Apex against Cummings's claims, the Court will not dismiss or stay this case under Colorado River and its progeny. Accordingly, Gateway's Motion to Dismiss Sov Apex's Amended Complaint (**document #5**) is **DENIED**.

**SO ORDERED.**

**Date: May 6, 2010**

/s/ Nancy Gertner
**NANCY GERTNER, U.S.D.C.**